[Crim. Nos. 14998, 15559.   Second Dist., Div. One.   Apr. 29, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT MORA MAGANA, Defendant and Appellant.

Josef Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

THOMPSON, J.—A burglary occurred at the home of John Michael Burgio in Whittier on September 11, 1967. On September 21, 1967, appellant was stopped on the street in Monterey Park by Officer James Young. Young escorted appellant to a spot opposite appellant's automobile and arrested him under circumstances which, for the purposes of this appeal, are conceded by respondent to be unlawful.[1] Young handcuffed appellant and advised him of his rights according to *Miranda*. Appellant acknowledged his understanding. At about that time, Officer Ritterhoff arrived at the scene and three or four minutes later asked appellant why he was nervous. Appellant replied, ''Because of the gun in the car.'' The officers then searched appellant's automobile and found a .22-caliber pistol which was later discovered to be part of the loot in the burglary of the Burgio residence. Appellant was transported to jail and charged with burglaries committed in Monterey Park. He was still in custody on September 28. At that time he was questioned by officers of the Whittier Police Department. After a *Miranda* warning appellant confessed to the Burgio burglary when confronted with the .22-caliber pistol.

Preliminary hearing was held October 11, 1967. Evidence of the corpus delicti of the burglary and of appellant's confession was introduced, and appellant was bound over for trial. Subsequently, appellant's motion in the superior court to suppress evidence of the pistol and his confession was denied. The matter was then submitted on the transcript of the preliminary hearing, and appellant was found guilty. This appeal followed.

Appellant contends that his confession was illegally

[1]Respondent does not concede that appellant's arrest was in fact without probable cause. It does interpret *People* v. *Green,* 264 Cal.App.2d 614, 624 [70 Cal.Rptr. 647] as authority for the proposition that this court is on appeal bound by the finding of the trial court to that effect although the essential facts of the arrest are not in dispute. But see *People* v. *Figueroa,* 268 Cal.App.2d 721, 725 [74 Cal.Rptr. 74].

obtained on two grounds: (1) the confession was the fruit of an illegal search in that the confession was induced by police possession of a pistol that was unlawfully obtained; and (2) he was improperly questioned after having claimed the right to remain silent. We reject those contentions.

## LEGALITY OF THE SEARCH

Appellant's confession occurred after he had been confronted with the .22-caliber pistol taken in the Burgio burglary. If that pistol had been illegally obtained evidence, the confession on the record before us should have been excluded from evidence as "fruit of a poisonous tree." (*People* v. *Johnson,* 70 Cal.2d 541 [75 Cal.Rptr. 401, 450 P.2d 865]; *People* v. *Bilderbach,* 62 Cal.2d 757 [44 Cal.Rptr. 313, 401 P.2d 921].) However, the pistol was not the product of an unlawful search and, therefore, was properly in the hands of the interrogating officers who obtained appellant's confession.

While appellant may have been arrested initially without probable cause and without a warrant, he was advised of his right to counsel and to remain silent and thereafter voluntarily stated that there was a gun in his car. That statement was sufficient cause for the officers to search for a concealed weapon if it was an admission legally before them. We hold that it was. Our Supreme Court has stated: "There is a basic distinction between evidence seized in violation of the search and seizure provisions of the Constitution . . . and voluntary statements made during a period of illegal detention." (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 10 [291 P.2d 929]), and on that basis has held that where "there is no evidence that the illegal detention produced the admissions, . . . the exclusionary rule [is] inapplicable." (*Rogers* v. *Superior Court, supra,* at p. 11.) Here the admission of the presence of the pistol in appellant's automobile was not necessarily produced by his illegal detention. The effect of that detention was dissipated by the warning to appellant that he had a right to counsel and to remain silent. In view of the general nature of the inquiry to appellant after the warning ("Why are you nervous?") and the spontaneous nature of his response, there is sufficient evidence in the record to sustain the trial court's determination that the effect of the unlawful arrest had been so attenuated as not to bar consideration by the officers of the admission. (*People* v. *Martin,* 240 Cal.App.2d 653, 657 [49 Cal.Rptr. 888], cited with approval in *People* v. *Johnson,* 70 Cal.2d 541, 551 [75 Cal.Rptr. 401, 450 P.2d 865].)

## CONTINUED QUESTIONING

Appellant argues that the rule of *People* v. *Fioritto,* 68 Cal.2d 714 [68 Cal.Rptr. 817, 441 P.2d 625] that interrogation must cease if a suspect after a *Miranda* warning exercises the rights of which he has been informed is applicable to the case at bench. It is not. There is missing from the record the indispensable precedent to the application of the rule of *Fioritto,* the indication by the suspect that he desires to remain silent or to consult counsel before speaking further. In the case before us, appellant was given proper warnings both at the place of his arrest before his critical admission of possession of the .22-caliber pistol and at the jail before his confession. Both times he indicated his understanding of his rights and then, without stating that he desired to remain silent or to consult an attorney, made an incriminating statement. The statements so obtained were competent evidence. (See *People* v. *Johnson,* 70 Cal.2d 541, 557 [75 Cal.Rptr. 401, 450 P.2d 865] and cases there cited.)

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.